1
2
3
4
5
6
7

8   **UNITED STATES DISTRICT COURT**
9   **CENTRAL DISTRICT OF CALIFORNIA**

10  TEXKHAN., INC., a California        Case No.:  2:16-CV-00606 CAS (FFM)
11  Corporation;

12          Plaintiff,                  DISCOVERY MATTER

13          vs.                         **PROTECTIVE ORDER**

14

15  ONE STEP UP, LTD., a New York
16  Limited Company; ROSS STORES, INC.,
    RAINBOW USA, INC., CITI TRENDS,
17  INC. BURLINGTON COAT FACTORY
    DIRECT CORP., and DOES 1-10,
18  inclusive,

19          Defendants.
20

21      Pursuant to Fed.R.Civ.P. 26(c), the parties to this lawsuit, through

22  undersigned counsel, jointly submit this Stipulated Protective Order to govern the

23  handling of information and materials produced in the course of discovery or filed

24  with the Court in this action.

25                  **GOOD CAUSE STATEMENT**

26      It is the intent of the parties and the Court that information will not be

27  designated as confidential for tactical reasons in this case and that nothing shall be

28  designated without a good faith belief that there is good cause why it should not be

part of the public record of this case.  Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include, but are not limited to:

(a)     Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

(b)     The names, or other information tending to reveal the identity of a party's supplier, designer, distributor, or customer;

(c)     Agreements with third-parties, including license agreements, distributor agreements, manufacturing agreements, design agreements, development agreements, supply agreements, sales agreements, or service agreements;

(d)     Research and development information;

(e)     Proprietary engineering or technical information, including product design, manufacturing techniques, processing information, drawings, memoranda and reports;

(f)     Information related to budgets, sales, profits, costs, margins, licensing of technology or designs, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

(g)     Information related to internal operations including personnel information;

(h)     Information related to past, current and future product development;

2

(i)     Information related to past, current and future market analyses and business and marketing development, including plans, strategies, forecasts and competition; and

(j)     Trade secrets (as defined by the jurisdiction in which the information is located).

Unrestricted or unprotected disclosure of such confidential technical, commercial, financial, or personal information would result in prejudice or harm to the producing party by revealing the producing party's competitive confidential information, which has been developed at the expense of the producing party and which represents valuable tangible and intangible assets of that party. Additionally, privacy interests must be safeguarded. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

The parties agree, subject to the Court's approval, that the following terms and conditions shall apply to this civil action. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  Nothing herein shall prevent any party from withholding or redacting any documents and/or information that the party deems privileged, irrelevant, or otherwise objectionable.

1.   Designated Material.

1.1    Information or material may be designated for confidential treatment pursuant to this Protective Order by any party, person or entity producing or lodging it in this action (the "Designating Party"), if:  (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or (b) filed or lodged with the Court.  All such information and material and all

information or material derived from it constitutes "Designated Material" under this Protective Order.

1.2     Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all Designated Materials designated under this Protective Order shall be used by the parties and persons receiving such Designated Materials solely for conducting the above-captioned litigation and any appellate proceeding relating thereto.  Designated Material shall not be used by any party or person receiving them for any business or any other purpose.  No party or person shall disclose Designated Material to any other party or person not entitled to receive such Designated Material under the specific terms of this Protective Order.  For purposes of this Protective Order, "disclose" or "disclosed" means to show, furnish, reveal or provide, indirectly or directly, any portion of the Designated Material or its contents, orally or in writing, including the original or any copy of the Designated Material.

2.     <u>Access to Designated Materials</u>.

2.1     <u>Materials Designated "CONFIDENTIAL"</u>:  Subject to the limitations set forth in this Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purpose of preventing the disclosure of information or materials that the designating party in good faith believes is confidential.  Before designating any specific information or material "CONFIDENTIAL," the Designating Party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.  Such information may include, but is not limited to:

(a)     Technical data, research and development data, and any other confidential commercial information, including but not limited to trade secrets of the Designating Party;

/ / /

1    (b)    Information which the Designating Party believes in good faith falls

2 within the right to privacy guaranteed by the laws of the United States or

3 California; and

4    (c)    Information which the Designating Party believes in good faith to

5 constitute, contain, reveal or reflect proprietary, financial, business, technical, or

6 other confidential information which is not otherwise protected as Highly

7 Confidential – Attorneys' Eyes Only.

8    (d)    The fact that an item or category is listed as an example in this or

9 other sections of this Protective Order does not, by itself, render the item or

10 category discoverable.

11    2.1.0  Materials designated "CONFIDENTIAL" may be disclosed only to

12 the following Designees:

13    2.1.1  Persons who appear on the face of Designated Materials marked

14 "CONFIDENTIAL" as an author, addressee, or recipient thereof;

15    2.1.2  Counsel to the parties in this action, including any in-house counsel,

16 and their respective associates, clerks, legal assistants, stenographic, videographic

17 and support personnel, and other employees of such outside litigation attorneys,

18 and organizations retained by such attorneys to provide litigation support services

19 in this action and the employees of said organizations.  .

20    2.1.3  Consultants, including non-party experts and consultants retained or

21 employed by Counsel to assist in the preparation of the case, to the extent they

22 are reasonably necessary to render professional services in this action, and subject

23 to the disclosure requirements of section 2.3.  Each consultant must sign a

24 certification that he or she has read this Stipulated Protective Order, will abide by

25 its provisions, and will submit to the jurisdiction of this Court regarding the

26 enforcement of this Order's provisions.

27    2.1.4  A party's officers and/or employees, which may include in-house

28 counsel.

1      2.1.5  The Court, its clerks and secretaries, and any court reporter retained

2  to record proceedings before the Court;

3      2.1.6 Any mediator or settlement officer, and their supporting personnel,

4  mutually agreed upon by any of the parties engaged in settlement discussions.

5  Each mediator or settlement officer must sign a certification that he or she has

6  read this Stipulated Protective Order, will abide by its provisions, and will submit

7  to the jurisdiction of this Court regarding the enforcement of this Order's

8  provisions.

9      2.2   Materials Designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

10  EYES ONLY":  Subject to the limitations in this Protective Order, Designated

11  Materials may be marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

12  ONLY" for the purpose of preventing the disclosure of information or materials

13  which, if disclosed to the receiving party, might cause competitive harm to the

14  Designating Party.  Information and material that may be subject to this

15  protection includes, but is not limited to, technical and/or research and

16  development data, intellectual property, financial, marketing and other sales data,

17  and/or information having strategic commercial value pertaining to the

18  Designating Party's trade or business.  Nothing in paragraph 2.1 shall limit the

19  information or material that can be designated "HIGHLY CONFIDENTIAL –

20  ATTORNEYS' EYES ONLY" under this paragraph.  Before designating any

21  specific information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

22  ONLY," the Designating Party's counsel shall make a good faith determination

23  that the information warrants such protection. Such information may include, but

24  is not limited to:

25      (a)    The financial performance or results of the Designating Party,

26  including without limitation income statements, profit and loss statements,

27  balance sheets, cash flow analyses, budget projections, purchase and sale records

28  and present value calculations;

1       (b)    Corporate and strategic planning by the Designating Party, including

2   without limitation marketing plans, competitive intelligence reports, sales

3   projections and competitive strategy documents;

4       (c)    Names, addresses, and other information that would identify

5   customers or prospective customers, or the distributors or prospective distributors

6   of the Designating Party;

7       (d)    Information used by the Designating Party in or pertaining to its

8   trade or business, which information the Designating Party believes in good faith

9   has competitive value, which is not generally known to others and which the

10   Designating Party would not normally reveal to third parties except in

11   confidence, or has undertaken with others to maintain in confidence;

12

13       2.2.0   Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

14   EYES ONLY" materials may be disclosed only to the following Designees:

15       2.2.1   Persons who appear on the face of Designated Materials marked

16   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as an author,

17   addressee, or recipient thereof;

18       2.2.2   Counsel to the parties in this action, including any in-house counsel,

19   and their respective associates, clerks, legal assistants, stenographic, videographic

20   and support personnel, and other employees of such outside litigation attorneys,

21   and organizations retained by such attorneys to provide litigation support services

22   in this action and the employees of said organizations.  Counsel herein explicitly

23   includes any in-house counsel, whether or not they are attorneys of record in this

24   action. Notwithstanding the foregoing or anything to the contrary contained

25   herein, any items designated under this Section 2.2 by a defendant in this action

26   shall not be disclosed to any co-defendants' in-house counsel, if the same is

27   designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY",

28   without the express written consent of the Designating Party that produced the

documents. Notwithstanding the foregoing or anything to the contrary contained herein, any items designated under this Section 2.2 in this action shall not be disclosed by any in-house counsel to any present and former officers, directors, shareholders, partners, managers, members, employees, agents, insurers, or representatives of the receiving party without the express written consent of the Designating Party;

2.2.3  Consultants for the parties to this action, as defined in section 2.1.3; and

2.2.4  The Court, its clerks and secretaries, and any court reporter retained to record proceedings before the Court.

2.2.5  Court reporters retained to transcribe depositions.

2.2.6  Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions provided that they sign a certification that he or she has read this Stipulated Protective Order, will abide by its provisions, and will submit to the jurisdiction of this Court regarding the enforcement of this Order's provisions.

2.3  If any party wishes to disclose information or materials designated under this Protective Order as "HIGHLY CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any Consultant, it must first identify that individual to the Counsel for the Designating Party and submit a Certification of Consultant pursuant to Section 3.  CONFIDENTIAL – ATTORNEYS' EYES ONLY

2.4  <u>Legal Effect of Designation</u>.  The designation of any information or materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is intended solely to facilitate the conduct of this litigation. Neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any party that the Designated Materials constitute or contain any trade secret or confidential

information.  Except as provided in this Protective Order, no party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

2.5     Nothing herein in any way restricts the ability of the receiving party to use "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced to it in examining or cross-examining any employee or consultant of the Designating Party[1]

2.6     The parties agree that the Plaintiff and Defendant One Step Up, Ltd. may be provided a summary of the alleged infringers' full identities, revenues, and gross profits numbers. The information in summary format may be provided to Plaintiff and Defendant One Step Up, Ltd. notwithstanding any party's designation of documents showing such information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  The Designated Materials may not be provided. Plaintiff and Defendant One Step Up, Ltd. may not disclose the information from such Designated Materials to any party other than the Designating Party.

3.     Certificates Concerning Designated Materials.  Each Consultant as defined in section 2.1.3, to whom any Designated Materials will be disclosed shall, prior to disclosure of such material, execute the Acknowledgement of Stipulated Protective Order in the form attached hereto as Exhibit A.  Counsel who makes any disclosure of Designated Materials shall retain each executed Acknowledgement of Stipulated Protective Order and shall circulate copies to all Counsel for the opposing party concurrently with the identification of the Consultant to the attorneys for the Designating Party pursuant to Section 2.3.

---

[1] Parties not entitled to receive the CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY material must leave the room for said portion of the deposition.

4.   <u>Use of Designated Materials by Designating Party</u>.  Nothing in this Protective Order shall limit a Designating Party's use of its own information or materials, or prevent a Designating Party from disclosing its own information or materials to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

5.   <u>Manner of Designating Written Materials</u>.

5.1   Documents, discovery responses and other written materials shall be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" whether in whole or in part, as follows.

5.2   The producing party shall designate materials by placing the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page so designated prior to production.  If the first or cover page of a multi-page document bears the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the entire document shall be deemed so designated, and the absence of marking each page shall not constitute a waiver of the terms of this Order.  If the label affixed to a computer disk containing multiple files bears the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the entire disk shall be deemed so protected, and the absence of marking of each file shall not constitute a waiver of the terms of this Order.

5.3   A designation of ""CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as to any item, thing or object that cannot otherwise be categorized as a document, shall be made: (1) by placing the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the thing, object or container within which it is

1    stored; or (2) by specifically identifying, in writing, the item and the level of

2    confidentiality designation, where such labeling is not feasible.

3         5.4    When a party wishes to designate as "CONFIDENTIAL," or

4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials

5    produced by someone other than the Designating Party (a "Producing Party"),

6    such designation shall be made:

7         5.4.1  Within forty-five (45) business days from the date that the

8    Designating Party receives copies of the materials from the producing or

9    disclosing entity; and

10        5.4.2  By notice to all parties to this action and to the Producing Party, if

11   such party is not a party to this action, identifying the materials to be designated

12   with particularity (either by production numbers or by providing other adequate

13   identification of the specific material).  Such notice shall be sent by email and

14   regular mail.

15        5.4.3.  A party shall be permitted to designate as "CONFIDENTIAL," or

16   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced

17   by a Producing Party only where:

18        a.  The material being produced was provided to or developed by such

19   Producing Party: (i) under a written confidentiality agreement with the Designating

20   Party; or (ii) within a relationship with the Designating Party (or a party operating

21   under the control thereof) in which confidentiality is imposed by law (including,

22   but not limited, to the employment relationship and the vendor-customer

23   relationship); or

24        b.  The material being produced could be considered "CONFIDENTIAL,"

25   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material of the

26   Designating Party under Section 2.1 or Section 2.2 of this Agreement if it were in

27   the possession of the Designating Party.

28   / / /

1       5.5    Upon notice of designation, all persons receiving notice of the

2   requested designation of materials shall:

3       5.5.1  Make no further disclosure of such Designated Material or

4   information contained therein, except as allowed in this Protective Order;

5       5.5.2  Take reasonable steps to notify any persons known to have

6   possession of or access to such Designated Materials of the effect of such

7   designation under this Protective Order; and

8       5.5.3  If "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

9   ATTORNEYS' EYES ONLY" material or information contained therein is

10   disclosed to any person other than those entitled to disclosure in the manner

11   authorized by this Protective Order, the party responsible for the disclosure shall,

12   immediately upon learning of such disclosure, inform the Designating Party in

13   writing of all pertinent facts relating to such disclosure, and shall make every

14   effort to prevent further disclosure by the unauthorized person(s).

15       5.6 A party or non-party that makes original documents available for

16   inspection need not designate them for protection until after the inspecting party

17   has indicated which documents it would like copied and produced. During the

18   inspection and before the designation, all of the material made available for

19   inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-

20   ATTORNEYS' EYES ONLY."  After the inspecting party has identified the

21   documents it wants copied and produced, the Producing Party must determine

22   which documents, or portions thereof, qualify for protection under this Order.

23   Then, before producing the specified documents, the Producing Party must affix

24   the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each

25   page that contains protected material. If only a portion or portions of the material

26   on a page qualifies for protection, the Producing Party also must clearly identify

27   the protected portion(s) (e.g., by making appropriate markings in the margins).

28   / / /

6.      Manner of Designating Deposition Testimony.

6.1      Deposition transcripts and portions thereof taken in this action may be designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the deposition or after, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

6.2      Where testimony is designated during the deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Protective Order to receive such Designated Material.

6.3      Within sixty (60) days after a deposition transcript is certified by the court reporter, any party may designate pages of the transcript and/or its exhibits as Designated Material.  During such sixty (60) day period, the transcript in its entirety shall be treated as "CONFIDENTIAL" (except for those portions identified earlier as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" which shall be treated accordingly from the date of designation).  If any party so designates such material, the parties shall provide written notice of such designation to all parties within the sixty (60) day period.  Designated Material within the deposition transcript or the exhibits thereto may be identified in writing by page and line, or by underlining and marking such portions "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and providing such marked-up portions to all counsel.

7.      Copies.  All complete or partial copies of a document that disclose Designated Materials shall be subject to the terms of this Protective Order.

/ / /

/ / /

8.      Court Procedures.

8.1     Disclosure of Designated Material to Court Officials.  Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master, referee, expert, technical advisor or Third-Party Consultant appointed by the Court), and to the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

8.2     Filing Designated Materials with the Court.  Nothing in this Order shall vary the requirements for filing under Seal imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  If a party wishes to file with the Court any document, transcript or thing containing information which has been designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that party shall follow the procedures set forth in Local Rule 79-5.2.2 (which sets out different procedures depending upon whether or not the party seeking to file material under seal is the same party which designated the material as confidential) and ensure the materials are marked with the legend:

**"[CONFIDENTIAL, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLYINFORMATION SUBJECT TO PROTECTIVE ORDER."**

Filing the document under seal shall not bar any party from unrestricted use or dissemination of those portions of the document that do not contain material designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If a filing party fails to seek to file under seal items which a party in good faith believes to have been designated as or to constitute  "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, such party may move the Court to file

1   said information under seal within four (4) days of service of the original filing.

2   Notice of such designation shall be given to all parties.  Nothing in this provision

3   relieves a party of liability for damages caused by failure to properly seek the filing

4   of Designated Material under seal in accordance with Local Rule 79-5.2.2.

5     8.3 <u>Retrieval of Designated Materials</u>.  The party responsible for lodging

6   or filing the Designated Materials shall be responsible for retrieving such

7   Designated Materials from the Court following the final termination of the action

8   (including after any appeals), to the extent the Court permits such retrieval.

9     9 <u>Designated Materials Subpoenaed By Third Party</u>.  If a party is

10   served with a subpoena or a court order issued in other litigation that compels

11   disclosure of any Designated Material, that party must:

12     (a)  promptly notify in writing the Designating Party. Such notification shall

13   include a copy of the subpoena or court order;

14     (b)  promptly notify in writing the party who caused the subpoena or order to

15   issue in the other litigation that some or all of the material covered by the subpoena

16   or order is subject to this Protective Order. Such notification shall include a copy

17   of this Protective Order; and

18     (c)  cooperate with respect to all reasonable procedures sought to be pursued

19   by the Designating Party whose Designated Material may be affected.

20     If the Designating Party timely seeks a protective order, the party served

21   with the subpoena or court order shall not produce any Designated Material in

22   response thereto before a determination by the court from which the subpoena or

23   order issued, unless the party has obtained the Designating Party's permission. The

24   Designating Party shall bear the burden and expense of seeking protection in that

25   court of its confidential material and nothing in these provisions should be

26   construed as authorizing or encouraging any party to disobey a lawful directive

27   from another court.

28   / / /

10      CHALLENGING CONFIDENTIALITY DESIGNATIONS

10.1   Timing of Challenges.  Any party or non-party may challenge a designation of confidentiality at (the "Challenging Party") at any time consistent with the Court's scheduling order(s).  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

10.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

10.3   Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to challenge confidentiality under Civil Local Rule 37-1 *et seq.* (and in compliance with Civil

16

Local Rule 79-5.1, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  In addition, the Designating Party may file a motion for a protective order preserving the confidential designation at any time if there is good cause for doing so.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Designations not made in good faith may expose the Designating Party to sanctions.  Until such time as a determination has been made on any such motion by the Court, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

11.   <u>Client Communication</u>.  Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material.  In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose any Designated Material, except as otherwise permitted by this Protective Order.

12.   <u>No Prejudice</u>.

12.1   This Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to

/ / /

1  which the Designating Party consented in writing before the disclosure takes
2  place.

3       12.2   Unless the parties stipulate otherwise, evidence of the existence or
4  nonexistence of a designation under this Protective Order shall not be admissible
5  for any purpose during any proceeding on the merits of this action.

6       12.3   If any party required to produce documents contends that it
7  inadvertently produced any Designated Material without marking it with the
8  appropriate legend, or inadvertently produced any Designated Material with an
9  incorrect legend, the producing party may give written notice to the receiving
10  party or parties, including appropriately stamped substitute copies of the
11  Designated Material.  If the parties collectively agree to replacement of the
12  Designated Material, then the documents will be so designated.  Within five (5)
13  business days of receipt of the substitute copies, the receiving party shall return
14  the previously unmarked or mismarked items and all copies thereof.  If the parties
15  do not collectively agree to replacement of the Designated Material, the
16  producing party shall comply with the procedure of Local Rule 37 in seeking
17  protection for the inadvertently produced material.

18       12.4   At deposition, the party using Designated Material must request that
19  the portion of the proceeding where use is made be conducted so as to exclude
20  persons not qualified to receive such Designated Material.  The procedures
21  applicable at trial shall be determined by the judicial officer presiding over the
22  trial.  The use of Designated Materials at depositions does not void the documents
23  status as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS'
24  EYES ONLY" material or void the restrictions on the use of the Designated
25  Materials. Upon request of a party, the parties shall meet and confer concerning
26  the use and protection of Designated Material in open court at any hearing.  Prior
27  to the pretrial conference, the parties shall meet and confer concerning
28  appropriate methods for dealing with Designated Material at trial.

12.5   By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  Moreover, this Order shall not preclude or limit any party's right to seek further and additional protection against or limitation upon production of documents produced in response to discovery. The parties reserve their rights to object to, redact or withhold any information, including confidential, proprietary, or private information, on any other applicable grounds permitted by law, including third-party rights and relevancy.

12.6   Nothing in this Order shall require disclosure of materials that a party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.  This provision shall not, however, be construed to preclude any party from moving the Court for an order directing the disclosure of such materials where it disputes the claim of attorney-client privilege or attorney work-product doctrine.

12.7   Any inadvertent production of documents containing privileged information shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege or doctrines.  All parties specifically reserve the right to demand the return of any privileged documents that it may produce inadvertently during discovery if the producing party determines that such documents contain privileged information.  After receiving notice of such inadvertent production by the producing party, the receiving party, within 5 business days of receiving any such notice, agrees to locate and return to the producing party all such inadvertently produced documents, or certify the destruction thereof.

/ / /

13.      Modification and Survival.

13.1      Modification.  The parties reserve the right to seek modification of this Protective Order at any time for good cause.  The parties agree to meet and confer prior to seeking to modify this Protective Order for any reason. The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties approved by order of this Court or other Court order.  Parties entering into this Protective Order will not be deemed to have waived any of their rights to seek later amendment to this Protective Order.

13.2      Survival and Return of Designated Material.  After the final disposition of this Action, within 60 days of a written request by the Designating Party, each receiving party must return all Protected Material to the Producing Party or destroy such material, provided that no party will be required to expunge any system back-up media such as copies of any computer records or files containing Protected Material which have been created pursuant to automatic archiving or back-up procedures on secured central storage servers and which cannot reasonably be expunged, and further provided that any destruction does not destroy or affect the destroying party's computer programs, hardware, software, servers, or the like. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the receiving party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

14. <u>No Contract</u>.  This Protective Order shall not be construed to create a contract between the parties or between the parties and their respective counsel.

15. <u>Court's Retention of Jurisdiction</u>.  The Court retains jurisdiction after final termination of the action prior to trial, to enforce this Stipulation.

16. <u>Exception for Public Information</u>.  Nothing in this Stipulation shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this action, whether or not the same material has been obtained during the course of discovery in the action and whether or not such documents or information have been designated hereunder.  However, in the event of a dispute regarding such independent acquisition, a party wishing to use any independently acquired documents or information shall bear the burden of proving independent acquisition.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: March 24, 2017       ____/S/ Frederick F. Mumm___
             FREDERICK F. MUMM
            United States Magistrate Judge

1

## Exhibit A

2

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

3

4

5
TEXKHAN., INC., a California
Corporation;

Case No.:  2:16-CV-00606 CAS (FFM)

6

7
                    Plaintiff,

DISCOVERY MATTER

8
                    vs.

## PROTECTIVE ORDER

9

10
ONE STEP UP, LTD., a New York
Limited Company; ROSS STORES, INC.,
RAINBOW USA, INC., CITI TRENDS,
INC. BURLINGTON COAT FACTORY
DIRECT CORP., and DOES 1-10,
inclusive,

11

12

13

14
                    Defendants.

15

16

17
         The undersigned hereby acknowledges that he/she has read the

18
PROTECTIVE ORDER entered in the above captioned litigation, and that he/she

19
fully understands and agrees to abide by the obligations and conditions thereof.

20

21
Dated: _____

_____
(Signature)

22

23
_____
(Print Name)

24

25

26

27

28